UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELMAR INTERNATIONAL (USA) INC., | |
| Plaintiff, | **ORDER** |
| - against - | 23 Civ. 4289 (PGG) |
| MVP GROUP INTERNATIONAL, INC., and BANK OF BARODA, | |
| Defendants. | |

PAUL G. GARDEPHE, U.S.D.J.:

      In this admiralty action, Plaintiff Delmar International (USA) Inc. filed the Second Amended Complaint ("SAC") on September 20, 2023.  (Dkt. No. 31)  The SAC asserts a breach of contract claim against Defendants MVP Group International, Inc. and Bank of Baroda in connection with Defendants' alleged "failure to pay freight and take delivery" of cargo shipped by Plaintiff pursuant to several bills of lading.  (Id. ¶ 21)  Plaintiff seeks to hold Defendants "jointly and severally liable" for the alleged breach.  (Id. ¶ 32)

      Defendant MVP Group has not appeared in this action.

      On April 2, 2024, this Court entered an order setting a briefing schedule for cross-motions for summary judgment to be filed by Plaintiff and Defendant Bank of Baroda.  (Dkt. No. 52)

      On April 15, 2024, this Court entered an order of default against Defendant MVP Group (Dkt. No. 56), and referred the matter to Magistrate Judge Cott for an inquest on damages with respect to MVP Group.  (Dkt. No. 57)

"[W]here Plaintiffs' theory is at least joint and several liability (if not true joint liability), a court should not enter final judgment as to damages until after conclusion of the merits-phase of the proceedings against the actively litigating defendants." Knowles-Carter v. Feyonce, Inc., No. 16-CV-2532 (AJN), 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017). While a court "may enter a default judgment against any defendants who default by failing to appear," in cases "where some but not all defendants have defaulted, 'the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.'" Montcalm Pub. Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (quoting Friedman v. Lawrence, No. 90 CIV. 5584 (VLB), 1991 WL 206308, at *3 (S.D.N.Y. Oct. 2, 1991)); see also Lite-Up Corp. v. Sony Music Ent., Inc., No. 97CIV.1546(KTD)(MHD), 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) ("[E]ven if the liability is joint and several and thus a default judgment may be entered, it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party . . . .").

Here, the SAC alleges that Defendants MVP Group and Bank of Baroda are jointly and severally liable for the alleged breach of contract. (SAC (Dkt. No. 31) ¶ 32) While this Court has entered an order of default against MVP Group (Dkt. No. 56), the remaining parties have filed cross-motions for summary judgment. Given these circumstances, it is in the interest of judicial efficiency to defer the determination of damages until the cross-motions for summary judgment have been resolved.

   Accordingly, this Court's April 15, 2024 order of reference to Judge Cott for an inquest on damages (Dkt. No. 57) is vacated.

Dated: New York, New York   SO ORDERED.
    August 14, 2024

                _____
                Paul G. Gardephe
                United States District Judge